UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC. (ERCOT), | § § § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. C-08-32 |
| | § | |
| MICHAEL B. SCHMIDT, TRUSTEE, and LEONARD MAY, | § § § | |
| Appellees. | | |

## ORDER

On this day the Court held a telephone conference regarding the motion of Appellees Leo Leonard May and Trustee Michael B. Schmidt (hereinafter, "Appellees") to limit the issues to be considered at the oral argument of the above-referenced bankruptcy appeal (D.E. 13). For the reasons set forth below, Appellees' motion is GRANTED, and argument in the above-styled bankruptcy appeal is hereby limited to the issue of the attorney's fees and expenses awarded to Leo Leonard May in the Third Amended Judgment entered by the Bankruptcy Court in Adversary Proceeding No. 05-2028, May v. Electric Reliability Council of Texas, Inc. ("ERCOT") (Bankr. D.E. 205).[1]

This is the second bankruptcy appeal stemming from the above-styled Adversary Proceeding. The first consolidated bankruptcy appeal, Case Nos. 07-71 (lead), 07-134 (member), 07-205 (member), came on for oral argument on July 10, 2007. Also on July 10, 2007, the Court issued an order and final judgment in the first consolidated bankruptcy appeal (Case No. 07-71, D.E. 26, 27). The Court affirmed the Bankruptcy Court on all issues except the

---

[1] The main bankruptcy case is In re Texas Commercial Energy, L.L.C., Bankruptcy Case No. 03-20366.

issue of the claims of the Chapter 7 Trustee Michael Schmidt, which the Court remanded back to the Bankruptcy Court for further consideration and clarification. (Case No. 07-71, D.E. 26, p. 10). Following remand, the Bankruptcy Court issued Supplemental Findings of Fact and Conclusions of Law on December 6, 2007 (Bankr. D.E. 189), and the Bankruptcy Court issued its Third Amended Judgment on January 10, 2008 (Bankr. D.E. 205). ERCOT now appeals the Bankruptcy Court's Third Amended Judgment entered in the Adversary Proceeding.

The vast majority of the issues appealed by ERCOT in this second appeal were briefed, argued and ruled upon by this Court in the first consolidated bankruptcy appeal, Case No. 07-71. Accordingly, Appellees filed the motion before the Court to limit oral argument on this second appeal to any truly "new" issues that were not decided in the earlier action.

At the telephone conference regarding Appellees' motion for limitation, the parties agreed that the only new issue that had not been argued and ruled upon in the previous appeal was the issue of attorney's fees awarded to Appellee Leo Leonard May in the Third Amended Judgment. (Bankr. D.E. 205). Specifically, the Third Amended Judgment awarded Mr. May attorney's fees of $132,917.00, and expenses of $12,156.39. (Id., p. 2). By agreement of the parties, argument in this second appeal currently before the Court is hereby LIMITED to the issue of the Bankruptcy Court's award of $132,917.00 in attorney's fees and $12,156.39 in expenses to Leo Leonard May.[2] With regard to all other issues appealed by ERCOT, the Court hereby refers the parties to its Order No. 26 in Case No. 07-71. The rulings made in the above-referenced Order No. 26 hereby APPLY to ERCOT's second appeal of the same issues raised in Case No. 07-71. These issues are no longer before this Court and are hereby disposed of by this

---

[2] The issue of expenses awarded to Mr. May is attendant to the award of attorney's fees. Mr. May was not previously awarded attorney's fees or expenses, accordingly, the fees and expenses are new matters for consideration on this second bankruptcy appeal.

Order. The only issue remaining before this Court for appellate review is the issue of the attorney's fees and expenses awarded to Leo Leonard May in the Bankruptcy Court's Third Amended Judgment.[3] (Bankr. D.E. 205, p. 2).[4]

SIGNED and ORDERED this 25th day of March, 2008.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge

---

[3] The parties do not need to submit additional briefing on this issue, the Court will review the parties' briefs that are already before the Court.

[4] The Court notes that Appellees also moved for an "expedited" hearing on this second bankruptcy appeal before the Court. (D.E. 13, p. 1). The Court declines to grant such an expedited hearing on the remaining issue in this appeal. The oral argument will be set at a time and date to be determined by the Court.